# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUSTEIN & MANASEVIT, PLLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 13-cv-0714 (KBJ)<br>) |
| UNITED STATES DEPARTMENT OF EDUCATION, | )<br>)<br>) |
| Defendant. | )<br>) |

# MEMORANDUM OPINION

Plaintiff Brustein & Manasevit, PLLC ("Brustein" or "Plaintiff") filed a complaint against the United States Department of Education ("DOE" or "Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (2014), on May 15, 2013,. (*See* Complaint ("Compl."), ECF No. 1.)[1] The complaint seeks injunctive and declaratory relief in the form of a court order compelling DOE to release records that pertain to a computer program—known as the "State and Local Educational Agencies Risk Model" ("Risk Model")—that DOE uses to identify state and local education agencies that are at risk of misusing federal funds. (*Id.* ¶ 7.) DOE initially withheld all responsive records; however, after the complaint was filed, DOE released in their entirety the documents that the agency had found in response to Plaintiff's FOIA request. (Def.'s Statement of Material Facts as to Which There is no Genuine Dispute

---

[1] Plaintiff Brustein & Manasevit, PLLC, is a law firm located in Washington D.C. that primarily practices federal education law, and that works with various state and local education agencies and other institutions on federal education programs and federal grant management. (Compl. ¶ 5.)

("Def.'s Facts"), ECF No. 8 at 3-4, ¶ 2.)[2]  DOE then filed a motion to dismiss the complaint, or in the alternative, motion for summary judgment—the pleading that is before this Court today.  (*See* (Def.'s Mem. in Supp. of Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. ("Def.'s Mem."), ECF No. 8, at 6-13.)

In its motion, DOE argues that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the agency's production of documents has mooted this matter.  (*Id.* at 9-11.)  Alternatively, DOE maintains that summary judgment should be entered in its favor because there is no genuine issue of material fact regarding the reasonableness and adequacy of its search for responsive records.  (*Id.* at 11-13.)  In opposition to DOE's motion, Plaintiff maintains that the search was inadequate and the case is not moot, because the documents that DOE provided suggest that additional (unreleased) records responsive to the FOIA request exist.  (Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 9-1, at 3-6.)  Upon consideration of the motion and associated submissions from the parties, the entire record, and the applicable law, and for the reasons explained below, the Court rejects Defendant's argument that the complaint must be dismissed as moot, but agrees that Defendant is entitled to summary judgment because the agency's search for records was reasonable and adequate.  Accordingly, Defendant's motion is **GRANTED**, and summary judgment will be entered in its favor with respect to the one and only count of the complaint.   A separate order consistent with this opinion will follow.

---

[2] Page numbers throughout this opinion refer to the page numbers generated by the Court's electronic filing system.

I. **BACKGROUND**

In November of 2012, DOE's Office of the Inspector General ("OIG") released a semi-annual report to Congress, in order to update lawmakers on "the activities and accomplishments of [the OIG.]" (Compl. Ex. 1 (OIG Semiannual Report ("OIG Report")), ECF No. 1-2, at 2.)[3] In this report, the OIG affirmed its "commitment to promoting accountability, efficiency, and effectiveness in our oversight of [DOE's] programs and operations[,]" (*id.* at 2), and described the Risk Model as one of the "data analytic tools" that the OIG had developed to promote this goal (*id.* at 18).[4] According to the report, OIG staff members use the Risk Model to "better identify which SEAs [state education agencies] and LEAs [local educational agencies] are at higher risk" of misusing federal education grants and other sources of federal education funding. (*Id.*)

On December 7, 2012, Plaintiff submitted a FOIA request to DOE. (*See* Compl. Ex. 2, ECF No. 1-3, at 1.) The request specifically referenced the OIG Report's statement regarding use of the Risk Model, and stated: "I am requesting a complete copy of this State and Local Educational Agencies Risk Model[,]" or "[i]f a copy of the model is not available, I request a complete description of the State and Local Educational Agencies Risk Model." (*Id.*) DOE confirmed receipt of Plaintiff's FOIA request on December 11, 2012. (Compl. ¶ 9.)

---

[3] The Inspector General Act of 1978 requires each Inspector General to "prepare semiannual reports summarizing the activities of the Office during the immediately preceding six-month periods ending March 31 and September 30." 5 U.S.C. App. 3 § 5.

[4] The Risk Model "consists of computer programs that interface with various database systems." (Decl. of Edward Slevin ("Slevin Decl."), ECF No. 10-1, ¶ 4.) Using inputs from various sources, the program computes a ranking of local education agencies based upon their risk of misusing federal funds, and then makes that information available to the state education agency that oversees the local agency. (State and Local Education Agencies Risk Model Project Proposal, ECF No. 8-4, at 8-10.) In essence, the Risk Model is "an online robust risk model system" that permits evaluation of various local education agencies within a particular jurisdiction. (*Id.* at 8.)

After receiving the FOIA request, DOE searched its databases for responsive documents. (Def.'s Facts ¶ 2.) As a result of this search, DOE was able to identify three documents, totaling 16 pages, that in DOE's view "provide[d] a complete description" of the Risk Model. (*Id.*)[5] DOE refused to produce these documents, however, citing FOIA Exemptions 5 and 7(E), *see* 5 U.S.C. §§ 552(b)(5), (b)(7)(E), as the bases for its decision. (Compl. ¶ 10; *see also* Compl. Ex. 4, ECF No. 1-5.) Plaintiff filed a timely administrative appeal of DOE's decision to withhold the documents (Compl. Ex. 5, ECF No 1-6), which was denied on February 13, 2013 (Compl. Ex. 6, ECF No. 1-7). Plaintiff then filed the instant complaint, alleging one count of wrongful withholding of documents in violation of FOIA, and seeking to "compel [DOE] to disclose and release" the documents. (Compl. ¶¶ 1, 14-16.)

At some point thereafter, DOE reconsidered its determination regarding the applicability of FOIA Exemptions 5 and 7(E), and on July 8, 2013, the agency released the three documents in their entirety to Plaintiff, without any withholdings or redactions. (Def.'s Facts ¶¶ 4-5.) Defendant then filed a motion to dismiss the complaint on August 1, 2013, arguing that because the agency had produced all responsive records in full, Plaintiff's FOIA claim was moot. (Def.'s Mem. at 9-11.) In the alternative, Defendant asserted that summary judgment should be granted in its favor because it had conducted an adequate search for documents, and had released all such documents to Plaintiff. (*Id.* at 11-13.) Plaintiff opposed Defendant's motion, arguing that certain aspects of the documents DOE produced appeared to indicate that additional responsive documents are in DOE's possession; therefore, the complaint was not moot and DOE had failed to conduct an adequate search. (Pl.'s Opp'n at 3-6.)

---

[5] As explained further below, Plaintiff disputes this characterization.

Defendant's motion to dismiss, or in the alternative motion for summary judgment, was fully briefed on August 26, 2013, and is currently pending before the Court.

## II. LEGAL STANDARDS

### A. Motion To Dismiss For Mootness Pursuant To Federal Rule Of Civil Procedure 12(b)(1)

A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks and citation omitted). A defendant who asserts that a complaint is moot because of developments subsequent to its filing raises a challenge to the court's subject matter jurisdiction, *see Flores ex rel. J.F. v. District of Columbia*, 437 F. Supp. 2d 22, 28 (D.D.C. 2006), because federal courts only have constitutional authority to adjudicate "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988). Consequently, Rule 12(b)(1) is the proper mechanism for a defendant to assert that an action is moot. *See Young v. D.C. Housing Auth.*, 13cv652, 2014 WL 948317, at *1, 3 (D.D.C. Mar. 12, 2014) ("A motion to dismiss for mootness is properly brought under Federal Rule of Civil Procedure 12(b)(1)."); *Toxco, Inc. v. Chu*, 801 F. Supp. 2d 1, 5 (D.D.C. 2011) ("Under Rule 12(b)(1), a party may move to dismiss a case on grounds of mootness.").

In FOIA cases, "[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) (citing *Ackerly v. Ley*, 420 F.2d 1336, 1340 (D.C. Cir. 1969)). However, even where an agency has already produced the requested records, the plaintiff may still have "a cognizable interest in having [a] [c]ourt determine whether the search for records was adequate

5

under the [FOIA] standards for adequate records searches[.]" *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 2 (D.D.C. 2000); *see also, e.g.*, *Judicial Watch, Inc. v. FDA*, 514 F. Supp. 2d 84, 88 (D.D.C. 2007) (noting that "courts deciding FOIA disputes always have jurisdiction to determine the adequacy of a search by the agency for records duly requested under the FOIA") (internal quotation marks and citation omitted); *Snyder v. CIA*, 230 F. Supp. 2d 17, 19 n.1 (D.D.C. 2002) ("[P]laintiff has a cognizable interest in having this Court determine whether [an agency's] search for records responsive to plaintiff's request was adequate under the FOIA and relevant case law. . . . The case is therefore not moot.")  The "heavy burden of establishing mootness lies with the party asserting a case is moot." *Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (internal quotation marks and citation omitted).

**B. Motion for Summary Judgment Under Rule 56**

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  The "party seeking summary judgment always bears the initial responsibility of [stating] . . . the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The nonmoving party must then

6

go beyond the pleadings and with "affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted).

An agency seeking summary judgment in a FOIA case must show that it conducted "a search reasonably calculated to uncover all relevant documents, and, if challenged, must demonstrate beyond material doubt that the search was reasonable." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal quotation marks omitted). "The agency must establish through affidavits or declarations the adequacy of both its search methods (where and how it looked for responsive records) and the scope of its search (what it was looking for)." *Looney*, 98 F. Supp. 2d at 3. The agency's affidavits must be, "relatively detailed and non-conclusory[.]" *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981) (internal quotation marks and citation omitted). Although the agency declarants need not "set forth with meticulous documentation the details of an epic search for the requested records," they must show "that the search method was reasonably calculated to uncover all relevant documents[.]" *Looney*, 98 F. Supp. 2d at 3 (internal quotation marks and citation omitted). Notably, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch*, 692 F.2d at 771). Moreover, in analyzing the reasonableness of an agency's search, "[t]he issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive

7

documents was adequate." *Truitt*, 897 F.2d at 542 (internal quotation marks and citation omitted).

## III. ANALYSIS

### A. Defendant's Motion To Dismiss On Mootness Grounds

Defendant maintains that the complaint should be dismissed as moot under Rule 12(b)(1) because DOE conducted an adequate search for records that describe the Risk Model in response to Plaintiff's FOIA request, and because the agency released in their entirety the documents that it found as a result of its reasonable search. (Def.'s Mem. at 9-10.) It is undisputed that DOE has produced fully the documents that it had originally withheld. (Def.'s Facts ¶ 5; Pl.'s Statement of Material Facts as to Which There is Genuine Dispute ("Pl.'s Facts"), ECF No. 9-2, ¶ 1.) But the production of documents in the context of a FOIA case does not automatically render the case moot, because, as explained above, the plaintiff may still hold "a cognizable interest" in having a court determine the adequacy of the agency's search for records. *See Conservation Force v. Ashe*, 12cv1428, 2013 WL 5574185, at *1, 4 (D.D.C. Oct. 10, 2013) ("In the FOIA context, . . . a court maintains jurisdiction even after an agency releases documents when other related issues, such as the proper scope of the agency's search, remain unresolved."). Thus, when a plaintiff maintains a challenge to the adequacy of a defendant's search despite having received responsive documents, that challenge will, in most cases, be sufficient to warrant the court's rejection of a motion to dismiss on mootness grounds. *See, e.g.*, *Short v. U.S. Army Corps of Eng'rs*, 593 F. Supp. 2d 69, 72 n.5 (D.D.C. 2009) ("Because [plaintiff] challenges the adequacy of the search, the motion to dismiss as moot must be denied."); *Nw. Univ. v. USDA*, 403 F.

8

Supp. 2d 83, 85-86 (D.D.C. 2005) (refusing to dismiss action as moot despite belated release of documents because plaintiff challenged adequacy of defendant's document production); *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2011) ("A FOIA claim is not moot, for example, if the agency produces what it maintains is all the responsive documents, but the plaintiff challenges whether the [agency's] search for records was adequate.") (internal quotations marks omitted).

Here, Plaintiff has not conceded that DOE has conducted an adequate search and has produced all responsive documents in full compliance with the FOIA request. To the contrary, Plaintiff vigorously maintains that the dispute is still alive and well because there are additional documents related to the Risk Model that DOE has not located or released, and therefore DOE's search was obviously inadequate. (Pl.'s Opp'n at 3-4.) To support this contention, Plaintiff notes that the released documents contain specific references both to "10 risk factors" and a scoring system that appears to be based on those 10 factors, but "[n]owhere in the 16 pages of documentation is there a description of how points are assessed and weighted" among the factors. (*Id.* at 4.) As a result, Plaintiff speculates that there must be "additional documents related to the scoring system" that DOE's search has not found. (*Id.*)

Given Plaintiff's insistence that additional responsive documents must exist and that therefore the released records have not been provided after an adequate search (*see* Pl.'s Opp'n at 3-4), the Court concludes that Plaintiff has a cognizable interest in having this Court determine whether the Defendant's search for records was adequate. *See, e.g.*, *Judicial Watch*, 514 F. Supp. 2d at 88; *Snyder*, 230 F. Supp. 2d at 19 n.1.

Accordingly, Defendant's motion to dismiss Plaintiff's complaint on mootness grounds must be denied.[6]

### B. Defendant's Motion For Summary Judgment

As an alternative to its mootness argument, Defendant asks that the Court grant summary judgment in its favor because its search for responsive records was reasonable and adequate as a matter of law, and thus no genuine issues of material fact remain. (Def.'s Mem. at 11-13.) As noted above, in a FOIA case, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (emphasis in original). Considering the affidavits and information DOE has provided regarding the search it conducted in response to Plaintiff's FOIA request, this Court concludes that an adequate search was conducted with respect to the FOIA request at issue here.

DOE has included with its motion a declaration from OIG Counsel Marta Erceg. (*See* Declaration of Marta Erceg ("Erceg Decl.'"), ECF No. 8-1.) Ms. Erceg avers, in relevant part, that she is "responsible for coordinating [FOIA] requests" (*id.* ¶ 1), and that "upon receipt of Plaintiff's request, OIG searched its electronic and hard copy records for responsive documents" (*id.* ¶ 5), as a result of which the agency "located three documents that provide a complete description" of the Risk Model (*id.* ¶ 7). Erceg admits that DOE originally withheld these documents (*id.* ¶ 8), but after Plaintiff

---

[6] It is for this same reason that the Court rejects DOE's assertion—made in a single footnote in the memorandum accompanying its motion—that "Defendant's release of all responsive documents also requires dismissal pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure." (Def.'s Mem. at 6, n.1 (internal citations omitted).) DOE is mistaken when it argues that the only way to state a claim under FOIA is to "show that the agency has improperly withheld agency records." (*Id.*) To the contrary, if a plaintiff can establish that an agency's search for records was inadequate, the fact that the agency has turned over all of the documents that its unreasonable search turned up is beside the point.

filed the complaint, "Defendant provided Plaintiffs with a full release of all [the documents] that completely describe the [Risk Model] as requested in Plaintiff's initial request[,]" without withholding or redacting any pages (*id.* ¶ 12). DOE has also submitted a declaration from Edward Slevin, the Director of the Computer Assisted Assessment Techniques team within OIG. (*See* Declaration of Edward Slevin ("Slevin Decl."), ECF No. 10-1.) Mr. Slevin's declaration states that he is the director of the team that created the Risk Model and has managed the Risk Model since its creation. (*Id.* ¶¶ 4, 6.) Mr. Slevin further avers that "all records related to" the Risk Model are stored on his "work-issued computer [and] secured under his user identification." (*Id.* ¶ 7.) Finally, Mr. Slevin reports that he personally conducted the search for Plaintiff's requests and located the documents that were eventually produced. (*Id.* ¶¶ 7-8.)

In the Court's view, the declarations of Erceg and Slevin—which are presumed to have been submitted in good faith and are entitled to great weight—are sufficient to carry Defendant's burden of showing that it conducted "a search reasonably calculated to uncover all relevant documents[.]" *Truitt*, 897 F.2d at 542 (internal quotation marks and citation omitted). Indeed, Slevin's attestation that "all records related to" the Risk Model are stored on his own work computer, which he personally searched in response to Plaintiff's FOIA request, eliminates any material questions of fact regarding the scope of the search and also effectively disposes of any adequacy issue. (Slevin Decl. ¶ 7.)

Plaintiff's arguments to the contrary merely restate its assertions regarding the mootness question—that is, Plaintiff asserts that DOE's "'identification or retrieval procedure [is] genuinely in issue" because the released documents "hint at a scoring

system without providing details."  (Pl.'s Opp'n at 6.)  But it is well established that "the presumption of good faith" that accompanies agency affidavits submitted in the FOIA context "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."  *SafeCard Servs.*, 926 F.2d at 1200 (internal quotation marks and citations omitted); *see also Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search.").  Plaintiff here has provided nothing beyond rank speculation about the possible existence of materials that explain the various factors in the Risk Model in its attempt to undermine the clear conclusion that DOE's search was reasonable and adequate.  And this speculation is rendered all the more speculative in light of supplemental evidence that Defendant has submitted to cast doubt on Plaintiff's underlying assumptions.[7]

In short, because Defendant has carried its burden of showing that it conducted a reasonable and adequate search for responsive records, and because Plaintiff has provided no reason for the Court to conclude otherwise, the Court will grant Defendant's motion and enter summary judgment in its favor.

---

[7] Defendant has filed a supplemental declaration from Marta Erceg to rebut Plaintiff's assertion that the released documents fail to explain how the various risk factors are "weighted" for use in the Risk Model.  The declaration explains that, in fact, "[t]he documents provided state that the user selects the risk indicators he/she wants to include in the model" and "assigns weights to individual or grouped indicators" (Suppl. Decl. of Marta Erceg, ECF No. 10-2, ¶ 9), a process that is typical of statistical models that are designed to assess the impact of various factors.  *Cf.* Federal Judicial Center, *Reference Manual on Scientific Evidence* § 303 (3d ed. 2011) (explaining, with respect to multiple regression analyses, that such models involve selecting multiple factors and assigning them specific values "to predict the values of one variable using the values of others[]").

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff's complaint is not moot, and so declines to dismiss the complaint on those grounds. However, the Court also concludes that, because the agency's search for records responsive to Plaintiff's request was reasonable and adequate, Defendant is entitled to summary judgment. Accordingly, Defendant's motion is **GRANTED** and summary judgment is entered in its favor.

Date: March 31, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge